# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

DERRICK L. NICHOLSON,      )
                        )
      Plaintiff,         )
                        )
v.                      )      CV426-031
                        )
WASTE MANAGEMENT, LLC,   )
                        )
      Defendant.     )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Derrick L. Nicholson filed a Complaint alleging that his former employer defamed him. *See generally* doc. 1. He also moved to proceed *in forma pauperis*. *See* doc. 2. Because his application shows that he is unable to prepay the required filing fee, the Court **GRANTS** Nicholson leave to proceed *in forma pauperis*. Doc. 2. It, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915(e). Nicholson, apparently anticipating a fatal defect in his claims, has also filed what he has titled a "Motion for Equitable Tolling of Statute of Limitations." Doc. 3. Notwithstanding the complete lack of any procedural basis for such a Motion, the substance makes absolutely clear that there is no basis to toll the applicable statute of limitations. His Motion, therefore,

1

is **DENIED**, either as procedurally frivolous or meritless.   Doc. 3. Because his claims are time-barred, his Complaint should be **DISMISSED**.  Doc. 1.

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)."  *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).  Complaints may also be

2

subject to dismissal under § 1915(e)(2), when the allegations support an affirmative defense, like the application of the statute of limitations. *See, e.g., Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Nicholson's Complaint asserts two claims, one for "libel" and one for "defamation per se," although it is not clear whether they are actually distinct. *See* doc. 1 at 3-4; *see, e.g.,* DAVID HRICIK & CHARLES R. ADAMS III, GA. LAW OF TORTS § 10:6 (Nov. 2025). The Complaint clearly alleges that the claims arose in 2021, after Plaintiff filed an administrative complaint with the United States Occupational Safety and Health Administration ("OSHA"). *Id.* at 1-2. While the Complaint is, perhaps, ambiguous concerning when the allegedly defamatory statements were made, Nicholson's Motion makes clear that the statements could not have been made any later than September 2023, when "Plaintiff filed a civil action against Waste Management for libel and defamation . . . ." Doc. 3

at 2; *see also Nicholson v. Waste Management LLC*, 4:23-cv-295, doc. 1 (S.D. Ga. Oct. 4, 2023) (Notice of Removal).

Under Georgia law, defamation claims are subject to a one-year statute of limitations.  *See* O.C.G.A. § 9-3-33 ("injuries to the reputation . . . shall be brought within one year after the right of action accrues"). Georgia law is clear that a defamation occurs, and the claim accrues, when the allegedly false statements are "published," by being "communicated to any person other than the party libeled."  O.C.G.A. § 51-5-3; *see, e.g., Evans v. Geheren Firm, P.C.,* 2012 WL 13008744, at *8 (N.D. Ga. Aug. 7, 2012) (citation omitted).  The one-year statute of limitations ran on the alleged statements, therefore, no later than September 30, 2024.  The claims asserted in the Complaint are, therefore, more than a year out-of-time.

Plaintiff clearly recognizes that his claims are untimely and seeks "equitable tolling" of the applicable statute of limitations.  Doc. 3. Plaintiff's Motion identifies the limitations imposed by a term of incarceration which began in September of 2024.  Doc. 2 at 3-4.  However, regardless of the specific difficulties Plaintiff might have encountered litigating his claims while incarcerated, it is clear beyond dispute that

incarceration is not a basis for equitable tolling. *See, e.g., Nicholson v. Waste Management, LLC*, 2024 WL 3952166, at *2 (S.D. Ga. Aug. 27, 2024)[1] (citing *Moton v. Skanska USA Civil Se., Inc.*, 2022 WL 585347, at *3 (N.D. Fla. Jan. 11, 2022) ("Courts have expressly found . . . that incarceration alone does not provide a sufficient basis for equitable tolling," and collecting cases). It is clear, therefore, that any defamation claim that might have arisen from Defendants' alleged statements made no later than 2023 is time barred. Nicholson's Complaint should, therefore, be **DISMISSED**. Doc. 1.

In summary, Nicholson's Motion to Proceed *in forma pauperis* is **GRANTED**. Doc. 2. His Motion asserting that the applicable statue of limitations should be equitably tolled is **DENIED**, either as meritless or procedurally improper. Doc. 3. Nicholson's Complaint should be **DISMISSED** as time barred. Doc. 1.

---

[1] The cited Order also expressly considers the timeliness of defamation claims that appear to be identical to those asserted here. *See Nicholson*, 2024 WL 3952166, at *1. The District Judge also considered, and rejected, what appears to be exactly the same tolling argument asserted here. *Id.* at *2. The District Judge concluded that Nicholson's "libel claim is time barred." *Id.* Thus, in addition to being untimely Nicholson's claims here also appear to be barred by the doctrine of *res judicata.* Because their untimeliness is, as discussed above, clear, the Court declines to undertake an analysis of whether they are also barred by *res judicata.*

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 12th day of February, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA