**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

DERRICK L. NICHOLSON,

      Plaintiff,

      v.

WASTE MANAGEMENT, LLC,

      Defendant.

CIVIL ACTION NO.: 4:26-cv-31

**O R D E R**

The Magistrate Judge screened Plaintiff's Complaint as required by 28 U.S.C. § 1915(e) and recommended that it be dismissed for failure to state a claim, since all of Plaintiff's claims are barred by the applicable statute of limitations.  (Doc. 7, pp. 3—5.)  Plaintiff objected.  (Doc. 8). After Defendant appeared and responded to Plaintiff's objections, (doc. 15), Plaintiff responded, (doc. 18).  Defendant then moved to strike Plaintiff's filings.  (Doc. 22.)  Plaintiff responded. (Doc. 23.)  For the reasons that follow, even if the Court considered all of Plaintiff's objections, he has not shown that his claims were filed within the applicable statutes of limitations, or that he is entitled to equitable tolling.

The Magistrate Judge found that Plaintiff's defamation and libel claims accrued, at the very latest, when he filed his previous claim against Waste Management, LLC, involving the same factual allegations underlying these claims.  (Doc. 7, pp. 3—5.)  Plaintiff does not dispute that the allegedly defamatory statements were made by Waste Management sometime prior to his 2023 lawsuit.  (Doc. 8, p. 1.)  In fact, he concedes that the publication at issue was made in November 2021, and that "[u]nder ordinary circumstances, the one-year period would run from that time."

(Doc. 18, pp. 1—2.)  He also definitively and unequivocally states that he understood that "he must pursue defamation claims himself" in either August or October of 2023.  (Id.)  Therefore, the Magistrate Judge correctly determined that Plaintiff's claims accrued no later than 2023.

The Magistrate Judge also correctly identified the governing statute of limitations of one year.  (Doc. 7, p. 4 (citing O.C.G.A. § 9-3-33).)  Therefore, the statute ran no later than 2024. (Id.)  Plaintiff filed this Complaint on February 6, 2026, (doc. 1), years out of time.  The Magistrate Judge also correctly determined that Plaintiff has not demonstrated his entitlement to equitable tolling.  (Doc. 7, pp. 4—5.)  Plaintiffs' objections, continuing to rely on the conditions of his incarceration, do not alter that conclusion.  (See generally docs. 8 & 18).

For the foregoing reasons, after a careful de novo review of the entire record, Plaintiff's Objections are **OVERRULED**, (docs. 8 & 18), the Court **ADOPTS** the Report and Recommendation as its opinion, (doc. 7), Plaintiff's Complaint is **DISMISSED**, (doc. 1), and the pending Motions are all **DISMISSED AS MOOT**, (docs. 10, 17, & 22).  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 5th day of August, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2